| PLOTKIN, Judge.
Odell B. Williams was charged by bill of information on May 21,1998, with distribution of cocaine, a violation of La. R.S.40:967(A).[1] At his arraignment on June 1, 1998, he pleaded not guilty. Probable cause was found and the motion to suppress the evidence was denied on July 24, 1998. Defendant elected a bench trial. At the conclusion of trial, defendant was found guilty of the lesser-included offense of possession of cocaine. The State filed a multiple bill, and after being advised of his constitutional rights, defendant pleaded guilty to the bill. He was sentenced on December 9, 1998 to serve six years at hard labor as a second offender under La. R.S. 15:529.1. The trial court recommended that defendant be allowed to participate in the Blue Waters Drug Program and the Impact Program. Defendant’s motion for an out-of-time appeal was granted by the trial court on July 12, 2000.
At trial, Officer Nicole Gouch testified that on April 30, 1998, she and her partner, Officer Lionel Jackson, were working in an undercover capacity on Chef Ment-eur Highway. As they approached the intersection of Werner Street, her partner spoke to a woman who was standing on the street corner. He asked her |2where they could purchase a twenty-dollar rock of cocaine. The woman answered that she did not have any, but she could take them to a source. She got into the officer’s unmarked car, and directed them to the 4600 block of Flake Street where defendant was standing. The woman got out of the car and walked over to him; there was an exchange and she returned with a rock. The officers received the rock, paid her twenty dollars, and left. Officer Gouch identified defendant as the man who originally had the rock.
Officer Lionel Jackson testified to the same facts as Officer Gouch. Additionally, he said that the twenty dollar bill used to pay for the rock had been photographed and that the transaction had been taped.
Officer Jeffrey Sislo testified that he organized the narcotics operation in which defendant was arrested. He photocopied the twenty dollar bill used in the transaction, and after it was recovered from Odell Williams, he compared it to the picture and found that the serial numbers matched. While the transaction was occurring, Officer Sislo could hear what was being said.
Officer Roy Phillips testified that he served as backup and the “eyeball” during the narcotics operation. He remained in visual contact with the undercover officers, and after the purchase was completed and the officers had driven away, he radioed for the takedown team to come in and arrest the sellers.
Officer Joseph Williams was part of the arrest team, and he testified that Odell Williams and Brenda Stevenson were arrested immediately after the sale.
There was a stipulation that the rock the officers purchased was tested and proved to be crack cocaine.
Defendant’s counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4 Cir.1990). Counsel filed a *86 brief complying with State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241. Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel moved to withdraw because she believes, after a conscientious review of the record, that there is no non-frivolous issue for appeal. Counsel reviewed available transcripts and found no trial court ruling which arguably supports the appeal. A copy of the brief was forwarded to defendant, and this Court informed him that he had the right to file a brief in his own behalf. He has not done so.
Defendant asks this Court to examine the record for errors patent.
As per State v. Benjamin, this Court performed an independent, thorough review of the pleadings, minute entries, bill of information, and transcripts in the appeal record. Defendant was properly charged by bill of information with a violation of La. R.S. 40:967(A), and the bill was signed by an assistant district attorney. Defendant was present and represented by counsel at arraignment, motion hearings, trial, and sentencing. A review of the trial transcript reveals that the State proved the offense beyond a reasonable doubt. The sentence is legal in all respects. Our independent review reveals no non-frivolous issue and no trial court ruling which arguably supports the appeal.
Accordingly, defendant’s conviction and sentence are affirmed. Appellate counsel’s motion to withdraw is granted.
AFFIRMED; MOTION GRANTED.

. The defendant was charged with Brenda A. Stevenson, who after a jury trial was found to be guilty as charged and sentenced to life imprisonment without benefits as a third felony offender.